# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ORLANDO YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-201 NAB |
| | ) | |
| JASON LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Orlando Young's Motion to Appoint Counsel (Doc. 14) and Motion for Evidentiary Hearing (Doc. 13). For the following reasons, Petitioner's motions will be denied.

**I.   Background**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on November 18, 2019. According to the Petition, Petitioner was convicted of three counts of statutory sodomy in the first degree and three counts of child molestation in the first degree. He was sentenced on August 28, 2015 to a total of nineteen years. Petitioner raises five grounds for relief in the Petition: 1) the trial court erred by admitting Petitioner's confession; 2) the trial court abused its discretion by overruling Petitioner's objection to detective testimony that it was possible Petitioner had pornography on his cell phone; 3) the trial court abused its discretion by overruling Petitioner's *Batson* challenge to the State's strike of venire member 15; 4) trial counsel was ineffective for failing to object to testimony and evidence regarding Petitioner's statements to law enforcement; and 5) trial counsel was ineffective for failing to introduce evidence of plane tickets and baggage tags in support of an alibi defense.

After filing the Petition, Petitioner filed the present motions to appoint counsel and for an evidentiary hearing.

## II.     Motion for Appointment of Counsel

On August 20, 2020, Petitioner filed a motion for appointment of counsel, asserting he is unable to afford counsel. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. The undersigned has reviewed the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1), and the Court does not believe that either the factual or legal issues are complex. Moreover, it appears that Petitioner can adequately articulate and present his claims to the Court, and therefore it cannot be said that he would substantially benefit from the appointment of counsel. Thus, the Court finds that neither the interests of justice nor due process requires the appointment of counsel. Petitioner's motion for appointment of counsel will be denied without prejudice.

### III.     Motion for an Evidentiary Hearing

On August 20, 2020, Petitioner filed a Motion for an Evidentiary Hearing. Petitioner requests an evidentiary hearing on the basis that an adequate record was not made in the state court proceedings. Specifically, Petitioner asserts an evidentiary hearing is necessary to develop an adequate record regarding 1) whether there was pornography on his cell phone, and 2) whether the trial court abused its discretion by overruling his *Batson* challenge to venire member 15.

Respondent argues that Petitioner's motion fails for two reasons. First, Petitioner already raised in state court both of the claims that he now seeks an evidentiary hearing to develop and had an opportunity to develop the facts surrounding these claims but failed to do so. Second, there are no facts Petitioner could present at a hearing that would be sufficient to change the outcome of his trial. (Doc. 15.)

Under 28 U.S.C. § 2254(e)(2), evidentiary hearings are permissible on federal habeas review, but with significant restrictions. If an applicant has failed to develop the factual basis of a claim in state court proceedings, no evidentiary hearing is permitted, unless the applicant shows that:

> (A) the claim relies on
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). An evidentiary hearing is not necessary when the merits of Petitioner's claims may be resolved based on the state court record. *McCann v. Armontrout*, 973 F.2d 655, 658-59 (8th Cir. 1992). Further, whether to grant an evidentiary hearing rests in the district court's discretion. *Wright v. Bowersox,* 720 F.3d 979, 987 (8th Cir. 2013).

Petitioner has not met the requirements to warrant an evidentiary hearing. As the first basis for his motion, Petitioner states that a hearing is needed in order for a more thorough forensic examination to be conducted on his cell phone to definitively prove he did not look at pornography on the cell phone. (Doc. 16.) The record shows this claim was already explored in state court. (Doc. 10-11, Resp't Ex. K at 460-481.) A digital forensic analyst with the St. Louis County Police Department conducted an exam of the phone. Detective Karase's testimony showed that the exam did **not** reveal a specific pornographic internet search on Petitioner's phone.[1] If Petitioner wanted an independent forensic examination of the phone to further support that he did not have pornography on his phone, he could have sought such an examination prior to trial. The factual predicate for this claim could have been previously discovered through the exercise of due diligence, and does not rely on any new rule of constitutional law. More importantly, whether there was pornography on Petitioner's cell phone is not outcome-determinative. Even if Petitioner could definitively establish there was never pornography on his phone, the presentation of pornography to the victim is not an element of statutory sodomy or child molestation, the offenses for which Petitioner was convicted. Thus, the Court is not persuaded that an evidentiary hearing is necessary on this basis.

Petitioner's second basis for his motion—to develop a record regarding the trial court's overruling of Petitioner's *Batson* challenge—also does not merit a hearing. Petitioner apparently seeks a hearing regarding the explanation given for excluding certain venire members. He asserts several venire members claimed to have had bad experiences with the police, and the trial court allowed the prosecutor to use a preemptory strike on one who had bad experiences with the police,

---

[1] Specifically, Detective Karase explained that although the lack of remaining memory on Petitioner's phone would have made it nearly impossible to find any internet searches prior to March 1, 2014, the absence of the search does not necessarily mean the search never occurred. (Doc. 10-3, Resp't Ex. C at 7-8.)

4

"but did not strike the other venire person for the same reason." (Doc. 13.) A review of the trial transcript reveals that both of the venire members Petitioner is referring to are African American, were stricken by the prosecutor, and were the subject of *Batson* challenges by Petitioner's counsel. (Doc. 10-11, Resp't Ex. K at 403-406.) The challenge at issue was based on a specific past negative experience with a police officer, which has been recognized as a race-neutral reasoning for striking a venire person. *See State v. Mack,* 903 S.W.2d 623, 629 (Mo. App. 1995). Petitioner has not explained what further evidence would be elicited at an evidentiary hearing on this issue. In any event, a review of the trial record reflects that the Court has the necessary facts to determine whether Petitioner is entitled to habeas relief regarding the trial court's denial of the *Batson* challenge, and Petitioner has not met his burden to allege sufficient facts that, if true, would establish his right to relief. *See Schriro v. Landrigan,* 550 U.S. 465, 474 (2007).

At this stage of the litigation, it appears that the filings of the Parties and the state court record contain sufficient facts for the Court to make an informed decision on the merits of Petitioner's claims as presented in his Petition. Therefore, the Court will deny Petitioner's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel is **DENIED without prejudice.** (Doc. 14.)

**IT IS FURTHER ORDERED** that Petitioner's Motion for an Evidentiary Hearing **DENIED**. (Doc. 13.)

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of March, 2021.

5