# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ORLANDO YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:19-CV-201 NAB |
| | ) |
| JASON LEWIS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Orlando Young's Motion for Reconsideration of Motion for Appointment of Counsel. (Doc. 19.) For the following reasons, Petitioner's motions will be denied.

### I. Background

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on November 18, 2019. According to the petition, Petitioner was convicted of three counts of statutory sodomy in the first degree and three counts of child molestation in the first degree and sentenced to a total of nineteen years.

After filing the petition, Petitioner filed a motion for an evidentiary hearing. (Doc. 13.) He also filed a motion to appoint counsel. (Doc. 14.) The Court denied both motions. (Doc. 18.) Petitioner then filed the present motion for reconsideration of the Memorandum and Order denying Motion for Appointment of Counsel.

### II. Discussion

In Petitioner's one-page motion for appointment of counsel, he asserted that because of his poverty, he is unable to secure counsel. As the Court explained in its Memorandum and Order

dated March 19, 2021, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). A court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).

> In denying the motion, the Court explained:
>
> After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. The undersigned has reviewed the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1), and the Court does not believe that either the factual or legal issues are complex. Moreover, it appears that Petitioner can adequately articulate and present his claims to the Court, and therefore it cannot be said that he would substantially benefit from the appointment of counsel. Thus, the Court finds that neither the interests of justice nor due process requires the appointment of counsel. Petitioner's motion for appointment of counsel will be denied without prejudice.

(Doc. 18.)

In his motion for reconsideration, Petitioner alleges that the Court's original order "overlooked the fact that Petitioner has a severe learning disability and can only read and write on a third grade level. . . Petitioner's learning disability is the crux of a claim he raised concerning being manipulated by the police into making a confession." (Doc. 19 ¶¶ 3-4.) Due to the alleged oversight, Petitioner seeks reconsideration. He also states that he cannot rely on the legal assistance he has been receiving from other inmates because it violates the Department of Corrections rules.

Petitioner's motion for appointment of counsel was based on Petitioner's inability to afford counsel. To the extent Petitioner seeks reconsider of the Court's order on that basis, the motion is denied.

Construing this as a second motion to compel on the new basis that Petitioner has a learning disability, the motion is also denied. Despite Petitioner's learning disability, he was able to file his Petition for Writ of Habeas Corpus without appointed counsel. His petition is thirty-seven pages, typed, and includes a nineteen-page argument regarding the grounds for relief stated in the form petition. (Doc. 1, pp. 10-28.) Petitioner also competently filed a motion for evidentiary hearing and motion for appointment of counsel, and the present motion to reconsider. Although representing himself with a third grade reading level has likely been difficult, Petitioner has demonstrated an ability to do so. The factors weighing against appointment of counsel remain valid. The petition for habeas relief is fully briefed, and no hearings have been scheduled in this case. This matter is ripe for ruling, and at this time, no further action is required on the part of Petitioner. Therefore, the motion will be denied without prejudice to reconsideration should the procedural circumstances of this litigation change.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration of Motion for Appointment of Counsel is **DENIED.** (Doc. 19.)

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of March, 2022.