UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ORLANDO YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:19CV201 RHH |
| | ) | |
| GREGORY HANCOCK[1], | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Missouri State prisoner Orlando Young's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The petition is fully briefed and ready for disposition.

On July 17, 2015, a jury in the Circuit Court of St. Louis County, Missouri, found Petitioner guilty of three counts of first-degree statutory sodomy and three counts of first-degree child molestation.   On August 28, 2015, Petitioner was sentenced to consecutive sentences of nine years' imprisonment on Count I of statutory sodomy, and ten years' imprisonment on Count V of statutory sodomy.   The Circuit Court also sentenced Petitioner to nine years' imprisonment on Count II of statutory sodomy, and eight years' imprisonment on each count of child molestation, with said sentences to run concurrently with Count I.   The Missouri Court of Appeals affirmed the convictions and sentences.   *State v. Young*, 513 S.W.3d 387 (Mo. App. 2017).   Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri

---

1 Petitioner is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri.   *See* ECF No. 22.   Gregory Hancock is the Warden and proper party respondent.   *See* 28 U.S.C. § 2254, Rule 2(a).   Because Petitioner is challenging a future consecutive sentence, Andrew Bailey, the Attorney General of Missouri, is also a proper respondent.   *See* 28 U.S.C. §

Supreme Court Rule 29.15, which was denied after an evidentiary hearing.   The Missouri Court of Appeals affirmed the denial of post-conviction relief.   *Young v. State*, 592 S.W.3d 368 (Mo. App. 2019).

Petitioner is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri.   In the instant petition for writ of habeas corpus, Petitioner raises the following five claims for relief:

(1)    That the trial court erred in admitting Petitioner's statements to law enforcement into evidence at trial;

(2)    That the trial court abused its discretion by overruling Petitioner's objection to Detective Karase's testimony that it was possible Petitioner's cell phone had pornography on it that was not discovered during his forensic examination of the phone;

(3)    That the trial court abused its discretion by overruling Young's *Batson*[2] challenge to the State's strike of venire member number 15;

(4)    That Petitioner received ineffective assistance of counsel, in that trial counsel failed to object to testimony and evidence regarding Petitioner's statements to law enforcement; and

(5)    That Petitioner received ineffective assistance of counsel, in that trial counsel failed to introduce evidence of plane tickets and baggage tags in support of Petitioner's alibi defense.

The Court will address the claims in turn.

## DISCUSSION

## I.    Procedurally Defaulted Claim

As stated above, in Ground 1 of his petition Petitioner asserts the trial court erred in admitting Petitioner's statements to law enforcement into evidence at trial.   (§ 2254 Petition, PP. 5, 10-15).   Specifically, Petitioner alleges his confession was involuntary because he lacked the ability to knowingly and voluntarily waive his right to remain silent due to a learning disability

_____

2254, Rule 2(b).

and intellectual defects.

Petitioner raised this claim on direct appeal from his conviction.   The Missouri Court of Appeals reviewed the claim only for plain error, however, as Petitioner failed to object to the admission of the statements at trial.   (Resp. Exh. C, P. 4).

"[A] federal habeas court cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error." *Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015) (resolving intra-circuit split in favor of the holding in *Hayes v. Lockhart*, 766 F.2d 1247 (8th Cir. 1985)); *see also Cooper v. Steele,* No. 4:13CV1610 PLC, 2017 WL 2132370, at *13-14 (E.D. Mo. May 17, 2017) (applying *Clark* to plain-error review by the Missouri Court of Appeals).   Therefore, Ground 1 of Petitioner's § 2254 petition is procedurally defaulted, and "federal habeas review of the claim[] is barred unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice."   *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

Petitioner has not shown cause for his failure to preserve the objection to the admission of his confession at trial.[3]   Nor does the Court find that failure to consider his claim would result in a fundamental miscarriage of justice.   The fundamental miscarriage of justice exception "requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted."   *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (citations omitted), *cert. denied*, 549 U.S. 1036 (2006).   "The requirements to establish the

---

2 *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
3 Because Petitioner has not established the requisite cause, the Court need not consider whether he has demonstrated the prejudice required to overcome the procedural default of Ground 1. *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007).

requisite probability of innocence are high.  [Petitioner] must first come forward with 'new' evidence, and then he must show that 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"  *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (internal citation omitted) (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001) and *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)), *cert. denied*, 547 U.S. 1022 (2006).  Here, Petitioner does not make a claim of actual innocence. Therefore, the claim raised in Ground 1 of the instant petition is procedurally barred and must be denied.

## II.    Claims Addressed On The Merits

### A.    Ground 2

As stated above, in Ground 2 of his petition Petitioner asserts the trial court abused its discretion by overruling Petitioner's objection to Detective Karase's testimony that it was possible Petitioner's cell phone had pornography on it that was not discovered during his forensic examination of the phone.  (§ 2254 Petition, PP. 6, 16-19).  Petitioner raised this claim on direct appeal, and the court denied the claim as follows:

> Second, Appellant contends the trial court abused its discretion in admitting Detective James Karase's ("Detective Karase") testimony that it was possible that Appellant might have searched the specific pornographic website alleged by K.R. on his cell phone despite the website not being discovered in a forensic examination of the cell phone because the ruling violated Appellant's rights to due process of law and privilege against self-incrimination, guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution, in that Detective Karase's testimony was merely speculation, was unsupported by any facts in the record, and was more prejudicial than probative because it served to corroborate the accusations of victims K.R. and M.B. against Appellant….

> Appellant argues that the trial court erred in admitting Detective Karase's testimony that it was possible Appellant might have conducted a specific pornographic search alleged by K.R. on his cell phone because it was merely speculation and lacked proper foundation.  Appellant claimed that Detective Karase's reliance on the fact that there was no remaining free space on the phone

– 4 –

was insufficient to support Detective Karase's speculative testimony and unfairly prejudiced Appellant by corroborating the victim's allegations. We disagree.

### 1. Standard of Review

The trial court has broad discretion in admitting or excluding evidence at trial. State v. Baker, 422 S.W.3d 508, 512-13 (Mo. App. E.D. 2014). We reverse the trial court's ruling on the admission of evidence only upon a showing of abuse of discretion by the trial court. Id. at 513. "An abuse of discretion occurs when 'the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.'" State v. Cofield, 95 S.W.3d 202, 205 (Mo. App. S.D. 2003). Further, this Court reviews the trial court for "prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." Baker, 422 S.W.3d at 513. Reversal for improperly admitted evidence is only necessary when "there is a reasonable probability that the jury would have reached a different conclusion but for the erroneously admitted evidence." State v. Barriner, 34 S.W.3d 139, 150 (Mo. banc 2000).

### 2. Analysis

When determining the admissibility of expert opinions, trial courts generally defer to an expert's assessments of what facts or data are reasonably reliable in their field. Goddard v. State, 144 S.W.3d 848, 854 (Mo. App. S.D. 2004). "As a rule, questions as to the sources and bases of the expert's opinion affect the weight, rather than the admissibility, of the opinion, and are properly left to the jury." Glaize Creek Sewer Dist. Of Jefferson County v. Gorham, 335 S.W.3d 590, 593 (Mo. App. E.D. 2011) (quoting St. Charles County v. Olendorff, 234 S.W.3d 492, 495 (Mo. App. E.D. 2007)). Only in cases "where the sources relied on by the expert are 'so slight as to be fundamentally unsupported,' should the opinion be excluded because testimony with that little weight would not assist the jury." Doe v. McFarlane, 207 S.W.3d 52, 62 (Mo. App. E.D. 2006) (quoting Wulfing v. Kansas City S. Indus. Inc., 842 S.W.2d 133, 152)).

Here, Detective Karase's testimony that it was possible Appellant conducted a specific pornographic search on his phone was supported by facts reasonably relied upon by a digital forensic analyst. Detective Karase testified that the lack of remaining memory on Appellant's phone would have made it nearly impossible to find any internet searches prior to March 1, 2014. Based on his more than 700 hours of training and education in computers, cell phones, file systems, and operating systems, Detective Karase testified that the cell phone's operating system automatically overwrites system files, such as internet search history, when the phone has zero free space.

Appellant cites to three cases in support of his argument that Detective Karase's testimony was speculative and lacked proper foundation. However, in

each case, the testimony lacked any factual support for the witness's statements. Conversely, Detective Karase's testimony that the absence of a specific pornographic internet search does not necessarily mean the search never occurred is explained by factual analysis of the cell phone's operating system and process for overwriting system files, including internet search history.   Further, Detective Karase emphasized the overwritten internet history did not confirm Appellant conducted the specific pornographic search on his phone; instead, he noted the cell phone's lack of memory merely explains that absence of the search did not completely disprove the victims' allegation that Appellant showed them pornography on his cell phone from a specific internet search.

Even assuming, *arguendo*, that the trial court abused its broad discretion in admitting Detective Karase's testimony, Appellant was not prejudiced by the admitted evidence.  "Errors in admitting evidence require reversal only when prejudicial to the point that they are outcome-determinative."  State v. Johnson, 207 S.W.3d 24, 43 (Mo. banc 2006) (citing State v. Black, 50 S.W.3d 778, 786 (Mo. banc 2001)).  Specifically, the Missouri Supreme Court found no outcome-determinative prejudice when the improperly admitted evidence concerned activities unrelated to the charged crimes.   Barriner, 34 S.W.3d at 152.

Here, the presence of a specific pornographic internet search is unrelated to the charged offenses of statutory sodomy and child molestation.  The actual presentation of pornographic images to the victims is not an element of the charged offenses and was presented only to explain the details of the victims' allegations. Further, when considered with properly admitted evidence, including Appellant's own admission, admission of evidence that the cell phone system overwrites search history cannot be considered outcome-determinative.

Detective Karase's expert testimony was supported by facts relied upon in the field of digital forensics and merely explained the possibility of overwritten internet history. Additionally, the testimony's lack of relation to the charged crime and the presence of other evidence supporting guilt removes any prejudice from its admission.  Thus, we cannot say that the trial court's admission of Detective Karase's testimony was arbitrary and unreasonable.   The trial court did not abuse its discretion in admitting Detective Karase's testimony regarding the internet history on Appellant's cell phone.   Appellant's second point is denied.

(Resp. Exh. C, PP. 2-3, 6-9).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in

pertinent part as follows:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

With limited exceptions, "[t]he admissibility of evidence at a state trial is a matter of state law and ordinarily will not form the basis for federal habeas relief[.]" *Clark v. Groose*, 16 F.3d 960, 963 (8th Cir. 1994). Consequently, "[w]hen a petitioner's federal habeas corpus claim is based upon a theory which can be determined as a matter of state law, the federal court is bound by a state court's interpretation of state law." *Id.* (citation omitted). A federal court may grant habeas relief, however, when the state court's evidentiary ruling "infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." *Id.* (internal quotation marks and citation omitted).

In his habeas petition, Petitioner argues that introduction of the evidence violated his right to due process of law. To establish that the admission of this evidence somehow constituted a due process violation, he would have to show that it rendered the entire trial fundamentally unfair. *Harris v. Bowersox*, 184 F.3d 744,752 (8th Cir. 1999). Petitioner has not and cannot show this. Instead, the Missouri Court of Appeals' conclusion that the testimony's lack of relation to the charged crimes, together with the presence of other evidence supporting guilt (including Petitioner's confession), removed any prejudice from its admission was not an unreasonable determination in light of the evidence presented in State court. Thus, there was no due process violation here, and Ground 2 of Petitioner's § 2254 Petition must be denied.

**B.     <u>Ground 3</u>**

In Ground 3 of his petition Petitioner asserts that the trial court abused its discretion by

– 7 –

overruling Young's *Batson* challenge to the State's strike of venire member number 15.   (§ 2254

Petition, PP. 7, 20-22).   Petitioner raised this claim on direct appeal, and the court denied the

claim as follows:

> Third, Appellant claims the trial court abused its discretion in overruling Appellant's <u>Batson</u> challenge to the State's peremptory strike of venire member Number 15 ("Venireman") because the strike violated Appellant's and Venireman's rights to equal protection, and Appellant's rights to due process, and a fair and impartial jury, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, in that Appellant challenged the State's strike for the reason that Venireman had a prior bad experience with a police officer as this explanation was only pretextually race-neutral….

> Appellant claims the trial court erred in overruling his Batson challenge to the State's peremptory strike of Venireman because Venireman stated he could be fair and impartial despite having a negative experience with police officers. Appellant argues that the State's peremptory strike of Venireman was racially motivated as he was one of two African American venire members, both of which were submitted by the state as peremptory strikes to the court.   Appellant challenged both peremptory strikes of the African American venire members under <u>Batson</u>.   The trial court refused Appellant's <u>Batson</u> challenge regarding Venireman, but permitted the other venireman to return to the panel "out of an abundance of caution."

> ### 1. Standard of Review

> The trial court's ruling on a <u>Batson</u> challenge "is accorded great deference because its findings of fact largely depend on its evaluation of credibility and demeanor."   <u>State v. Rashad</u>, 484 S.W.3d 849, 853 (Mo. App. E.D. 2016) (quoting <u>Kesler-Ferguson v. Hy-Vee, Inc.</u>, 271 S.W.3d 556, 558 (Mo. banc 2008)).   Therefore, the trial court's ruling on a <u>Batson</u> challenge is overruled only if its decision is clearly erroneous.   <u>Id.</u>   A decision is clearly erroneous if we are left with a definite and firm conviction that the trial court made a mistake.   <u>Id.</u>

> ### 2. Analysis

> "The equal protection clause guarantees a defendant that venirepersons will not be excluded from the jury venire on account of race."   <u>State v. Washington</u>, 288 S.W.3d 312, 314 (Mo. App. E.D. 2009).   Therefore, a prosecutor is prohibited from challenging a potential juror solely based on the juror's race.   <u>Id.</u> at 315.

> The Supreme Court outlined a three-step process for evaluating whether a prosecutor's use of a peremptory challenge violates the equal protection clause. <u>Id.</u>   First, the defendant must object that the peremptory challenge was made with

– 8 –

racial discrimination.  Id.  The burden then shifts to the state to provide a race-neutral explanation – an explanation based on something other than the race of the juror – for striking the venire member.  Id. at 315-16.  Finally, the burden shifts back to the defendant to show the State's race-neutral explanation was only pretextual and in fact racially motivated.  Id. at 315.

When determining whether the State's explanation was pretextual, courts consider several factors:

> (1) the presence of similarly situated white jurors who were not struck, (2) the degree of logical relevance between the explanation and the case to be tried in terms of the nature of the case and the types of evidence adduced, (3) the striking attorney's demeanor or statements during *voir dire*, and (4) the circuit court's past experience with the striking attorney.

State v. Jackson, 385 S.W.3d 437, 440 (Mo. App. W.D. 2012) (internal quotations and citations omitted).  The trial court considers whether the explanation is "related to the case to be tried, . . .clear and reasonably specific, and . . . legitimate."  State v. Edwards, 116 S.W.3d 511, 527 (Mo. banc 2003).  The trial court must examine the "plausibility of [the State's] explanation in light of the totality of the facts and circumstances surrounding the case."  Washington, 288 S.W.3d at 315 (quoting State v. McFadden, 191 S.W.3d 648, 651 (Mo. banc 2006)).

Here, after Appellant properly objected to the State's peremptory challenge, the State explained that Venireman's experience of being strip-searched by the police on the side of the road and his comments that his admitted skepticism of police officers and people in general were the basis for its strike.  Past negative experiences with police officers has been specifically recognized as a race-neutral reasoning for striking a venire person.  State v. Mack, 903 S.W.2d 623, 629 (Mo. App. 1995).  Thus, it was Appellant's burden to demonstrate that the reasoning for the strike was only pretextually race-neutral.

Appellant's argument that the strike was pretextual misguidedly relies on the trial court's granted Batson challenge of a different venire member. Appellant contends that because the trial court found the State's reasoning insufficiently race-neutral that venire member Number 26 "had a bad experience with police," the same reasoning for Venireman must also be insufficiently race-neutral.  This argument, however, fails to consider the differing details in each venire member's response. While venire member Number 26 vaguely stated he had a bad experience with police officers, he did not provide any specific details about this experience and did not admit skepticism towards police officers. Conversely, Venireman specifically stated he was strip-searched on the side of the road and did not trust police officers or people in general.  Further, the trial court noted its Batson challenge of venire member Number 26 was granted "out of an abundance of caution."   Because the peremptory challenge's reasoning had

a clear relation to the case tried and the venire member's negative experience with police officers contained drastic differences in detail, the trial court's denial of Appellant's <u>Batson</u> challenge was not clearly erroneous.   Appellant's third point is denied.

(Resp. Exh. C, PP. 3, 9-11).

Federal law is well settled that the Equal Protection Clause forbids a prosecutor from using peremptory challenges to exclude otherwise qualified persons from the jury based solely on their race.   *Devose v. Norris*, 53 F.3d 201, 204 (8th Cir. 1995).   *See also Batson*, 476 U.S. at 89 ("[T]he Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant.")   In *Batson*, the United States Supreme Court held that "in order to establish an equal protection violation, a defendant must first establish a prima facie case of purposeful discrimination in the selection of the jury panel." *Id.* at 96.

*Batson* provides a three-step process to determine the validity of peremptory strikes by the prosecutor:   "(1) the defendant raises a <u>Batson</u> challenge with respect to a specific venireperson struck by the State, identifying the cognizable racial group to which that person belongs; (2) the State must supply a reasonably specific and clear race-neutral reason for the challenged strike[4]; and (3) if the State provides an acceptable reason for the strike, then the defendant must show that the State's given reason or reasons were merely pretextual and that the strike was racially motivated." *Dominguez-Rodriguez v. Vandergriff*, No. 4:18CV2098 RLW, 2022 WL 374489, at *6 (E.D. Mo. Feb. 8, 2022) (internal quotation marks and citation omitted).

---

[4] A race neutral explanation in this context means an explanation based on something other than the race of the juror.   At this step of the inquiry, the issue is the facial validity of the prosecutor's explanation.   In other words, "[u]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Hernandez v. New York*, 500 U.S. 352, 360, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).

Each of the three steps of a *Batson* inquiry involves a determination of fact, and therefore habeas review turns on whether the state court decision was based upon an unreasonable determination of the facts.   *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).   Such review presumes that the State court found the facts correctly, unless the petitioner rebuts that presumption with clear and convincing evidence.   *Id.*   A federal court's review of the trial court's determination of a *Batson* challenge is particularly deferential.[5]   *Id.*

In the instant case, the State explained that the basis for its strike of venire member number 15 was his stated experience of being strip-searched by the police on the side of the road, and his comments regarding his skepticism of police officers and people in general.   (Resp. Exh. K, P. 403)   "A juror's expression of past dissatisfaction with law enforcement officers, which could indicate potential bias against the prosecution, is a legitimate race neutral reason for striking prospective jurors."   *United States v. Booker*, 576 F.3d 506, 511 (8th Cir. 2009) (citation omitted).   The State court thus properly found that the State provided a sufficiently race neutral reason to strike venire member number 15.

In his petition, Petitioner notes that when the State attempted to strike venire member number 26 because he "had a bad experience with police", the trial court found the reasoning insufficiently race-neutral and sustained the *Batson* challenge.   (Resp. Exh. K, PP. 405-406) Petitioner maintains this demonstrates the State's reasoning behind its strike of venire member number 15 was pretextual. The Missouri Court of Appeals considered this argument, but held that the "differing details in each venire member's response" provided a rationale for the different outcomes.   (*See* Resp. Exh. C, P. 11 ("While venire member Number 26 vaguely stated

---

5 The Court is especially deferential to the State trial court's fact-finding in the context of a *Batson* challenge, because of the "'unique awareness of the totality of the circumstances surrounding voir dire[.]'"   *Weaver*, 241 F.3d at 1030 (quoting *United States v. Moore*, 895 F.2d 484, 486 (8th Cir. 1990)).

he had a bad experience with police officers, he did not provide any specific details about this experience and did not admit skepticism towards police officers.   Conversely, Venireman specifically stated he was strip-searched on the side of the road and did not trust police officers or people in general.").[6]

Upon consideration of the foregoing, the Court finds the State courts' decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.   Ground 3 of Petitioner's § 2254 Petition will therefore be denied.

**C.**      **Ground 4**

As stated above, in Ground 4 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to object to testimony and evidence regarding Petitioner's statements to law enforcement.   (§ 2254 Petition, PP. 8, 23-25).   Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

<u>FINDINGS OF FACT</u>

25.      In his amended motion, Movant[7] claims…that his trial counsel, Bret Rich, was ineffective in that he failed to object to State's reference in trial of Movant's statements that were ruled as admissible in a Motion to Suppress Hearing prior to trial.   Movant claims that but for trial counsel's failure to object, the outcome of his trial as well as his appeal to the Missouri Court of Appeals would have been different.

26.      To prevail on claims of ineffective assistance of counsel, Movant must show that his trial counsel failed to exercise the customary skill and diligence a reasonable attorney would have exercised under similar circumstances, and that he was prejudiced by trial counsel's actions.   *Strickland v. Washington*, 466 U.S. 668, 684 (1984).   To establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Id.* at 694.

---

6 The Missouri Court of Appeals further noted the trial court explained the second *Batson* challenge was granted "out of an abundance of caution."   (Resp. Exh. C, P. 11).
7 Petitioner is referred to as "Movant" by the post-conviction motion court.

27.     Because a Motion to Suppress was filed before trial, a hearing on the Motion to Suppress was held and the trial judge ruled that testimony and evidence of Movant's statements to law enforcement were admissible, Movant's claim that but for trial counsel's failure to object, the testimony would have been excluded from Movant's trial is inaccurate.

28.     Trial counsel failed to preserve the issue of the admissibility of any and all testimony and evidence regarding Movant's statements to law enforcement for appeal.   Hearing Tr. p. 60.   Because this issue was not preserved for appeal, the Appeals Court for the Eastern District of Missouri reviewed the court's admission of evidence on a plain error basis only and found that no error had occurred.  *Id.* at 60-61; Rule 30.20.   Had trial counsel properly preserved the issue of the admissibility of Movant's statements to law enforcement, the correct standard of review would have been for abuse of discretion of the trial court in regards to the trial court's denial of Movant's motion to suppress his statements.   Hearing Tr. at 62; *Secrist v. Treadstone*, 356 S.W.3d 276, 280 (Mo. App. W.D. 2011).

29.     The Court of Appeals will find that trial count abused its discretion when its ruling was clearly against the logic of the circumstances then before the trial court and was so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration.  *Id.*  Appellate courts will reverse a ruling on a motion to suppress only if it is clearly erroneous and will reverse admission of testimony only if the trial court abused its discretion.   *State v. White*, 518 S.W.3d 288, 291 (Mo. App. E.D. 2017).   If the ruling is plausible, in light of the record viewed in its entirety, appellate courts will not reverse even if they would have weighed the evidence differently.  *State v. Ivy*, 455 S.W.3d 13, 17 (Mo. App. E.D. 2014).

30.     In Movant's case, he has to prove that, if not for his trial counsel's failure to object to the admissibility of his statements, the Court of Appeals would have found that the trial court abused its discretion in not suppressing the statements. However, the trial court's ruling on suppression was not clearly against the logic of the circumstances before the trial court. After carefully considering the evidence presented by Movant and the State during Movant's Motion to Suppress, including testimony from Movant's former reading teacher, a psychologist, the detective who interviewed him and Movant himself, along with Movant's standardized testing scores, Movant's signed Warning and Waiver form, and the recorded DVD of Movant's statements, the trial court found Movant's statements to be made knowingly and voluntarily, and thus admissible.   The ruling was plausible in light of the record viewed in its entirety, therefore the outcome of Movant's appeal would not have had a different outcome had trial counsel preserved the issue of the admissibility of Movant's statements for appeal….

<u>CONCLUSIONS OF LAW</u>

37.     To prove ineffective assistance of counsel, the Movant must prove two components:  (1) deficient performance, in that trial counsel's performance did

– 13 –

not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) prejudice, specifically that the Movant's defense was prejudiced by his counsel's poor performance. *State v. Hall,* 982 S.W.2d 675, 680 (Mo. Banc 1998).

38.     To demonstrate prejudice, Movant must establish a reasonable probability that but for counsel's actions, the outcome would have been different. *Borders v. State*, 844 S.W.2d 49, 55 (Mo. App. 1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

39.     The record refutes Movant's claims, therefore there is no probability to undermine confidence in the outcome of Movant's trial proceedings.

40.     Movant was not denied any rights under the provisions of the Missouri Constitution or the United States Constitution.

(Resp. Exh. H, PP. 88-90, 91-92).   Movant advanced the claim on appeal from the denial of his

29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> On the direct appeal of this case, this Court reviewed for plain error Young's claim and we found no error. *State v. Young*, 513 S.W.3d 387 (Mo. App. E.D. 2017). When a plain-error claim is reviewed on direct appeal and the court finds that no error had occurred, the claim will not be relitigated on a theory of ineffective assistance of counsel in a post-conviction proceeding. *Ringo v. State*, 120 S.W.3d 743, 746 (Mo. banc 2003). In *Ringo*, the Court reasoned that because it found no error, plain or otherwise, with the trial court's decision to restrict jury instructions, defense counsel cannot be found ineffective for failing to object and request supplemental jury instructions when the trial court's ruling was not in error. *Id.* Similarly, here, this Court determined that the trial court did not err in denying the suppression of testimony and evidence regarding Young's statements to law enforcement. *Young*, 513 S.W.3d at 387. Accordingly, this issue has already been decided by this Court on direct appeal and cannot be relitigated on an alternative theory of ineffective assistance of counsel.

(Resp. Exh. G, PP. 2-3).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at

690.   To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."   *Id.*

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice.   *Id.* at 694.   To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Id.*   "A reasonable probability is a probability sufficient to undermine confidence in the outcome."   *Id.*

Upon consideration the Court finds it unnecessary to consider the reasonableness of counsel's conduct, because Petitioner fails to demonstrate the requisite prejudice.   *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").   As noted above, both the trial court (on the motion to suppress) and the court of appeals found the evidence was admissible.   (*See* Resp. Exh. D, P. 53; Exh. C, PP. 3-6).   Under these circumstances, the Court does not find that the result of Petitioner's proceeding would have been different, had counsel objected to testimony and evidence regarding Petitioner's statements to law enforcement.   Ground 4 of Petitioner's § 2254 petition must therefore be denied.

**D.**   **Ground 5**

As stated above, in Ground 5 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to introduce evidence of plane tickets and baggage tags in support of Petitioner's alibi defense.   (§ 2254 Petition, PP. 9, 26-28).   Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

FINDINGS OF FACT

– 15 –

31.     In his amended motion, Movant claims…that his trial counsel, Bret Rich, was ineffective in that he failed to introduce evidence of plane tickets and a baggage tag from Movant's trip to Baltimore on July 4, 2013, to July 6, 2013, to support his alibi for one of the original charges of Statutory Sodomy in the First Degree.   Movant claims that but for that failure to introduce evidence, the outcome of his trial would have been different.

31.     On a claim of ineffective assistance of counsel, there is a presumption that the Movant must overcome that any challenged action by trial counsel was sound trial strategy, and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment.   *Kluck v. State*, 30 S.W.3d 872, 878 (Mo. App. 2000).   The introduction of evidence is a question of trial strategy.   Allegations of ineffective assistance of counsel relating to matters of trial strategy do not provide a basis for post-conviction relief, for counsel is allowed wide latitude in conducting the defense and is entitled to use his or her best judgment in matters of trial strategy.   *State v. Borders*, 844 S.W.2d 49, 54 (Mo. App. 1992).

33.     Trial counsel did not introduce the additional evidence of Movant's alibi for July 4-6, 2013, the plane ticket and baggage tags, because the State stipulated that Movant was in Baltimore on those dates.   Hearing Tr. p. 16-17.   The State also entered a *nolle prosequi* in regards to the counts that were affected by the stipulation, namely the former Counts V and VI.   *Id.* at 16.   Using his best judgment, trial counsel felt that the State's *nolle prosequi*, along with the stipulation, was much stronger than introducing the physical evidence.   *Id.* at 38.

34.     Trial counsel also introduced a witness, Kaila Wallace, who was Movant's girlfriend in the year 2013.   During trial counsel's direct examination, Ms. Wallace testified that Movant went with her and her family to Baltimore over the July 4th holiday of 2013.   The State objected to Ms. Wallace's testimony, stating that it had already dismissed the counts relating to July 2013 and therefore Ms. Wallace's testimony to that matter was irrelevant, but the trial court overruled the objection and allowed Ms. Wallace to continue with her testimony.   Brief of Appellant p. 24-25, *State of Missouri v. Orlando Young*, No. ED103420 (2015).   This was clear strategy on behalf of trial counsel to attempt to "unwind" one of the victim's credibility to the jury by using Ms. Wallace's testimony.   Hearing Tr. at 39.   Movant therefore has not overcome the presumption that trial counsel's actions were sound trial strategy and not prejudicial…

## CONCLUSIONS OF LAW

37.     To prove ineffective assistance of counsel, the Movant must prove two components:  (1) deficient performance, in that trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) prejudice, specifically that the Movant's defense was prejudiced

by his counsel's poor performance.  *State v. Hall,* 982 S.W.2d 675, 680 (Mo. Banc 1998).

38.    To demonstrate prejudice, Movant must establish a reasonable probability that but for counsel's actions, the outcome would have been different.  *Borders v. State*, 844 S.W.2d 49, 55 (Mo. App. 1992).   A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*

39.    The record refutes Movant's claims, therefore there is no probability to undermine confidence in the outcome of Movant's trial proceedings.

40.    Movant was not denied any rights under the provisions of the Missouri Constitution or the United States Constitution.

(Resp. Exh. H, PP. 90-92).   Movant advanced the claim on appeal from the denial of his 29.15

motion, and the Missouri Court of Appeals denied the claim as follows:

> Young asserts that counsel should have introduced physical evidence of plane tickets and baggage tags to support his alibi defense to charges that he allegedly committed first-degree statutory sodomy in July 2013.   Here, however, the State stipulated that Young was in Baltimore during that time and the State dismissed that charge.   Moreover, Young's ex-girlfriend already testified in support of his alibi, and failing to present cumulative evidence is not ineffective assistance of counsel.  *State v. Twenter*, 818 S.W.2d 628, 636 (Mo. banc 1991).

> Plainly, none of this physical evidence proved anything that was not already stipulated to by the State and established by the testimony of Young's ex-girlfriend.   Young argues that such evidence would have invalidated the victim's testimony regarding all other charges and changed the outcome of the entire case.   We disagree.   The trier of fact may believe all, some or none of the testimony of a witness when considered with all of the facts, circumstances and other testimony in the case.  *State v. Kuhn*, 115 S.W.3d 845, 849 (Mo. App. E.D 2003).   Here, in reaching its conclusion, the jury did not extrapolate from the impeachment of the victim's testimony relating to the dismissed charge to conclude that the victim was not credible as to the other charges.   Thus, we believe any additional evidence would not have led to a different conclusion by the jury.

(Resp. Exh. G, P. 3).

Upon consideration the Court finds that with this claim, Petitioner fails to satisfy either

prong of the *Strickland* test.   As noted by the Missouri State courts, the State stipulated that

Petitioner was in Baltimore on the dates at issue, and dismissed the charges to which the alibi

evidence would have pertained.   Furthermore, to Petitioner's point that trial counsel should have introduced the evidence anyway, in an effort to discredit one of the victim's credibility, the Court notes trial counsel called as a witness Petitioner's then girlfriend, who testified that Petitioner was with her during the relevant time period.   In light of these facts, Petitioner fails to overcome the presumption that trial counsel's decision not to introduce cumulative evidence regarding Petitioner's alibi defense represented sound trial strategy.   Petitioner thus fails to demonstrate that his counsel's performance was deficient, or that the result of the proceeding would have been different had his attorney introduced the additional alibi evidence.   As such, the Court finds the decision of the State courts is both supported by the evidence and in accord with federal law.   Ground 5 of Petitioner's § 2254 petition must therefore be denied.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice.   A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.   *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 16th day of March, 2023.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE